UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Patricia Zenk, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Academy Collection Service, Inc.; and DOES 1-10, inclusive, | COMPLAINT |
| Defendants. | |

For this Complaint, the Plaintiff, Patricia Zenk, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Patricia Zenk ("Plaintiff"), is an adult individual residing in Kent, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Academy Collection Service, Inc. ("Academy"), is a Pennsylvania business entity with an address of 10965 Decatur Road, Philadelphia, Pennsylvania

19154, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by Academy and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Academy at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.  A financial obligation was incurred (the "Debt").

9.  The Debt arose from services provided by a creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Academy for collection, or Academy was employed by a creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Academy Engages in Harassment and Abusive Tactics

12. The Defendants called the Plaintiff every day of the week, merely to annoy and harass her. One of the Collectors identified herself as Tara Sharp ("Tara").

13. The Defendants were rude and abusive when speaking with the Plaintiff. The Defendants asked the Plaintiff numerous personal questions such as whether she owns a house, merely to harass annoy her.

14. The Defendants left numerous messages on Plaintiff's answering machine disclosing details of the Debt.

15. The Defendants threatened to ruin the Plaintiff's credit rating.

16. The Defendants solicited and accepted five post-dated checks without sending the Plaintiff written notification of their intent to deposit the checks.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to

annoy and harass.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants threatened to communicate false credit information.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692f(2) in that Defendants attempted to solicit a post-dated check by more than five days, without three business days written notice of intent to deposit.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

30. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the state of Connecticut.

31. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to

imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damage; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 25, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorney for Plaintiff